**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212)300-0375



JUDGE COTE

'09 CIV 00759

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT O'DELL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AMF BOWLING CENTERS, INC.,<br><br>Defendant. | CLASS ACTION<br>COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff Robert O'Dell ("Plaintiff"), individually and on behalf of all others similarly situated as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. AMF Bowling Centers, Inc. (hereinafter "AMF" or "Defendant") is the world's largest owner and operator of bowling centers with 10,000 employees engaged in bowling center operation. More than 25 million people bowl more than 100 million games at AMF facilities each year. AMF has been a leader in the bowling industry, the country's number one

participatory sport, since 1946 when the automated pinspotter was introduced in Buffalo, New York.

2. AMF operates more than 200 bowling centers nationwide, including more than 25 in New York.

3. AMF's bowling centers routinely host catered parties, large corporate events, and other functions at which AMF provides its customers with food, drinks and entertainment.

4. AMF owns and operates 300 New York, a facility located at Chelsea Piers, which is a state of the art bowling complex, complete with plasma televisions, video screens and a state of the art sound system. 300 New York also includes a private VIP area, trendy night club, sports bar and bistro.

5. AMF's success, however, has come at the expense of its hourly food service workers, from whom it has misappropriated mandatory gratuities and other tips ("gratuities") paid by its customers.

6. AMF charges its customers a mandatory gratuity in addition to the cost of the event.

7. AMF leads its customers into reasonably believing that the mandatory gratuities go to the workers who provide food and drink service to the customers.

8. In reality, however, AMF uses some of the mandatory gratuities and other tips to supplement the compensation of non-service employees.

9. In *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 10 N.Y.3d 70 (N.Y. 2008), the New York Court of Appeals recently confirmed that this practice violates the New York Labor Law.

10. This lawsuit seeks to recover misappropriated gratuities for Plaintiff and his

similarly situated co-workers.

11. Plaintiff brings this action on behalf of himself and all current and former hourly food service workers of AMF, pursuant to Federal Rule of Civil Procedure 23, to remedy AMF's misappropriation of service charges in violation of the NYLL, Article 6, §§ 190 *et seq.*, and any supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiff

7. Plaintiff is an adult individual who is a resident of East Elmhurst, New York.

8. Plaintiff has been employed by AMF as a food service worker from approximately 2007 through the present.

9. Plaintiff is a covered employee within the meaning of the NYLL.

### Defendant

10. AMF is a corporation incorporated and existing under the laws of Virginia.

11. AMF's corporate headquarters and its principal place of business are in Mechanicsville, VA.

12. AMF is a covered employer within the meaning of the NYLL and, at all times relevant, employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction over Plaintiffs' claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

14. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

15. At least one member of the proposed class is a citizen of a state different from

AMF.

16. AMF is a citizen of Virginia.

17. AMF is not a citizen of New York.

18. The claims asserted involve matters of national and interstate interest.

19. This Complaint has not been pleaded in a manner that seeks to avoid federal jurisdiction.

20. At least one member of the proposed class is a citizen of a state different from that of Defendant.

21. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because AMF resides in this district and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings his NYLL claims under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> all persons who have worked as food service workers at AMF bowling centers in New York between January 27, 2003 and the date of final judgment in this matter (the "Rule 23 Class").

23. Excluded from the Rule 23 Class are Defendant; Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who has had at any time during the class period, a controlling interest in AMF; the judge(s) to whom this case is assigned and any member of the judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

24. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

25. Upon information and belief, the size of the Rule 23 Class is over 100 individuals. Although the precise number of such employees is unknown, the relevant facts are presently within the sole control of Defendant.

26. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

27. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendant violated NYLL Article 6, §§190 *et seq.*, as alleged herein;

(b) whether Defendant demanded, accepted and/or retained gratuities paid by customers to whom Defendant represented that such gratuities were intended for Plaintiff and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(c) whether Defendant failed to keep true and accurate records of tips for Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(d) whether Defendant failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL; and

(e) the nature and extent of class-wide injury and the measure of damages for those injuries.

28. The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class all work, or have worked, for Defendant as hourly food service workers for AMF. Plaintiff and the members of the Rule 23 Class enjoy the same statutory rights under the NYLL to keep the tips they earn. Plaintiff and the members of the Rule 23 Class have all sustained similar types of damages as a result of

Defendant's failure to comply with the NYLL. Plaintiff and the members of the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns.

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and the members of the Rule 23 Class.

30. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by the members of the Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

31. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CLASS-WIDE FACTUAL ALLEGATIONS

32. Plaintiff and the members of the Rule 23 Class ("Class Members") have been victims of common policies, patterns, and practices perpetrated by Defendant that have violated their rights under the NYLL by denying them tips that they earned.

33. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiff and the Class Members by engaging in a policy, pattern, or practice of violating the NYLL as described in this Class Action Complaint. This policy, pattern, or practice includes, but is not limited to, withholding from Plaintiff and the Class Members mandatory gratuities from customers, where Defendant led the customers to reasonably believe that the mandatory gratuities were intended for Plaintiff and the Class Members, and where Plaintiff and the Class Members rarely, if ever, received additional tips directly from such customers.

34. Upon information and belief, Defendant's unlawful conduct described in this Class Action Complaint has been pursuant to a corporate policy, pattern, or practice of minimizing labor costs and denying employees' compensation by knowingly violating the NYLL.

35. Defendant's unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendant's policies, patterns, and practices described in this Class Action Complaint have been centrally promulgated and uniform throughout AMF.

36. Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

37. Defendant's deceptive conduct prevented Plaintiff and the Class Members from discovering or asserting his claims any earlier than they did.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

38. Consistent with Defendant's policies, patterns or practices as described herein, Defendant harmed Plaintiff individually as follows:

39. Defendant withheld from Plainitiff mandatory gratuities collected from customers, where Defendant had led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Plaintiff rarely, if ever, received tips directly from such customers.

40. Upon information and belief, Defendant did not keep accurate records with respect to Plaintiff.

## CAUSE OF ACTION

### New York Labor Law Article 6 – Unlawful Tip Retention
(Brought on behalf of Plaintiff and the members of the Rule 23 Class)

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

43. At all times relevant, Defendant has been an employer within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

44. At all times relevant, AMF has been an employer, agent, and/or an officer within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

45. The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiff and the members of the Rule 23 Class.

46. The Defendants misappropriated tips from Plaintiff and the Class Members and used some of the tips to supplement the compensation of non-service employees.

47. By Defendant's knowing or intentional demand for, acceptance of and/or retention of the gratuities and/or service charges paid by customers when entering into a service contract with AMF when such customers had a reasonable expectation that such gratuities would be paid to Plaintiff and the members of the Rule 23 Class, Defendant has willfully violated NYLL Article 6, § 196-d.

48. Due to Defendant's violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiff does not seek liquidated damages under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

C. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.*, and any supporting New York State Department of Labor regulations;

D. Unpaid gratuities and/or service charges paid to AMF by its customers pursuant to NYLL Article 6, §§ 190 *et seq.*, and any supporting New York State Department of Labor regulations. (Plaintiff does not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

E.  Pre-judgment interest and post-judgment interest;

F.  An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

G.  Reasonable attorneys' fees and costs of the action; and

H.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Class Action Complaint.

Dated:   New York, New York
         January 27, 2009

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By:

_____
Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212)300-0375

**Attorneys for Plaintiff and the Putative Class**