**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212)300-0375

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAR 04 2009
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| ROBERT O'DELL, FRANCISCO DIAZ, ANABEL DIAZ, and ALICIA PEREZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AMF BOWLING CENTERS, INC.,<br><br>Defendant. | **FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>09 CV 759 (DLC)<br><br>**Jury Trial Demanded** |

Plaintiffs Robert O'Dell, Francisco Diaz, Anabel Diaz, and Alicia Perez ("Plaintiffs"), individually and on behalf of all others similarly situated as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1. AMF Bowling Centers, Inc. (hereinafter "AMF" or "Defendant") is the world's largest owner and operator of bowling centers with 10,000 employees engaged in bowling center operation. More than 25 million people bowl more than 100 million games at AMF facilities each year. AMF has been a leader in the bowling industry, the country's number one

participatory sport, since 1946 when the automated pinspotter was introduced in Buffalo, New York.

2. AMF operates more than 200 bowling centers nationwide, including more than 25 in New York.

3. AMF's bowling centers routinely host catered parties, large corporate events, and other functions at which AMF provides its customers with food, drinks and entertainment.

4. AMF owns and operates 300 New York, a facility located at Chelsea Piers, which is a state of the art bowling complex, complete with plasma televisions, video screens and a state of the art sound system. 300 New York also includes a private VIP area, trendy night club, sports bar and bistro.

5. AMF's success, however, has come at the expense of its hourly food service workers, from whom it has misappropriated mandatory gratuities and other tips paid by its banquet and catering customers.

6. AMF charges its banquet and catering customers a mandatory gratuity in addition to the cost of the event.

7. AMF leads these customers into reasonably believing that the mandatory gratuities go to the workers who provide food and drink service to the customers.

8. In reality, however, AMF uses some of the mandatory gratuities and other tips to supplement the compensation of employees who are not entitled to tips under the New York Labor Law ("NYLL").

9. In *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 10 N.Y.3d 70 (N.Y. 2008), the New York Court of Appeals recently confirmed that this practice violates the NYLL.

10. In addition to mandatory gratuities from banquets and catered events, hourly food

service workers also receive gratuities directly from customers during "open bowling." According to company policy, AMF takes possession of these gratuities, holds them for an amount of time, and then distributes them.

11. Upon information and belief, AMF gives a portion of these tips to employees who are prohibited from receiving tips under the NYLL.

12. This lawsuit seeks to recover misappropriated gratuities for Plaintiffs and their similarly situated co-workers.

13. Plaintiffs bring this action on behalf of themselves and all current and former hourly food service workers of AMF, pursuant to Federal Rule of Civil Procedure 23, to remedy AMF's misappropriation of gratuities in violation of the NYLL, Article 6, §§ 190 *et seq.*, and any supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Robert O'Dell

14. Plaintiff Robert O'Dell ("O'Dell") is an adult individual who is a resident of East Elmhurst, New York.

15. O'Dell has been employed by AMF as an hourly food service worker from approximately 2007 through the present.

16. O'Dell is a covered employee within the meaning of the NYLL.

#### Francisco Diaz

17. Plaintiff Francisco Diaz ("F. Diaz") is an adult individual who is a resident of Jamaica, New York.

18. F. Diaz has been employed by AMF as an hourly food service worker from approximately 1997 through the present.

19. F. Diaz is a covered employee within the meaning of the NYLL.

**Anabel Diaz**

20. Plaintiff Anabel Diaz ("A. Diaz") is an adult individual who is a resident of the Bronx, New York.

21. A. Diaz has been employed by AMF as an hourly food service worker from approximately 2001 through the present.

22. A. Diaz is a covered employee within the meaning of the NYLL.

**Alicia Perez**

23. Plaintiff Alicia Perez ("Perez") is an adult individual who is a resident of Brooklyn, New York.

24. Perez has been employed by AMF as an hourly food service worker from approximately June 2007 through the present.

25. Perez is a covered employee within the meaning of the NYLL.

**Defendant**

26. AMF is a corporation incorporated and existing under the laws of Virginia.

27. AMF's corporate headquarters are in Mechanicsville, VA.

28. AMF's principal place of business is in Mechanicsville, VA.

29. AMF is a covered employer within the meaning of the NYLL and, at all times relevant, employed Plaintiffs and similarly situated employees.

**JURISDICTION AND VENUE**

30. This Court has original subject matter jurisdiction over Plaintiffs' claims under

the Class Action Fairness Act, 28 U.S.C. § 1332(d).

31. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

32. At least one member of the proposed class is a citizen of a state different from AMF.

33. AMF is a citizen of Virginia.

34. AMF is not a citizen of New York.

35. The claims asserted involve matters of national and interstate interest.

36. This First Amended Complaint has not been pleaded in a manner that seeks to avoid federal jurisdiction.

37. At least one member of the proposed class is a citizen of a state different from that of Defendant.

38. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because AMF resides in this district and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring their NYLL claims under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> all persons who have worked as hourly food service workers at AMF bowling centers in New York between January 27, 2003 and the date of final judgment in this matter (the "Rule 23 Class").

40. Excluded from the Rule 23 Class are Defendant; Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who has had at any time during the class period, a controlling interest in AMF; the judge(s) to whom

this case is assigned and any member of the judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

41. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

42. Upon information and belief, the size of the Rule 23 Class is over 100 individuals. Although the precise number of such employees is unknown, the relevant facts are presently within the sole control of Defendant.

43. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

44. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) whether Defendant violated NYLL Article 6, §§190 *et seq.*, as alleged herein;

    (b) whether Defendant demanded, accepted and/or retained mandatory service charges paid by banquet and catering customers to whom Defendant represented that such service charges were intended for Plaintiffs and the Rule 23 Class and which these customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

    (c) whether Defendant misappropriated tips from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting and/or retaining tips voluntarily paid by customers during "open bowling;"

    (d) whether Defendant distributed a portion of the gratuities paid by its customers to employees who are not entitled to receive tips under the NYLL;

    (e) whether Defendant failed to keep true and accurate records of tips for Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

    (f) whether Defendant failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL; and

(g) the nature and extent of class-wide injury and the measure of damages for those injuries.

45. The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class all work, or have worked, for Defendant as hourly food service workers. Plaintiffs and the members of the Rule 23 Class enjoy the same statutory rights under the NYLL to keep the tips they earn. Plaintiffs and the members of the Rule 23 Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL. Plaintiffs and the members of the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns.

46. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the members of the Rule 23 Class.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by the members of the Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

48. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CLASS-WIDE FACTUAL ALLEGATIONS

49. Plaintiffs and the members of the Rule 23 Class ("Class Members") have been victims of common policies, patterns, and practices perpetrated by Defendant that have violated their rights under the NYLL by denying them tips that they earned.

50. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiffs and the Class Members by engaging in a policy, pattern, or practice of violating the NYLL as described in this First Amended Class Action Complaint. This policy, pattern, or practice includes, but is not limited to, withholding from Plaintiffs and the Class Members mandatory gratuities from banquet and catering customers, where Defendant led these customers to reasonably believe that the mandatory gratuities were intended for Plaintiffs and the Class Members, and where Plaintiffs and the Class Members rarely, if ever, received additional tips directly from such customers, and demanding, handling, pooling, counting, distributing, accepting and/or retaining gratuities voluntarily paid by customers to Plaintiffs and the Class Members during "open bowling."

51. Upon information and belief, Defendant's unlawful conduct described in this First Amended Class Action Complaint has been pursuant to a corporate policy, pattern, or practice of minimizing labor costs and denying employees' compensation by knowingly violating the NYLL.

52. Defendant's unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendant's policies, patterns, and practices described in this First

Amended Class Action Complaint have been centrally promulgated and uniform throughout AMF.

53. Defendant's unlawful conduct, as set forth in this First Amended Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

54. Defendant's deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

55. Consistent with Defendant's policies, patterns or practices as described herein, Defendant harmed Plaintiffs as follows:

### Robert O'Dell

56. Defendant withheld from O'Dell mandatory "service charges" or gratuities collected from banquet and catering customers, where Defendant had led the customers to reasonably believe that the gratuities were intended for O'Dell and other food service workers, and where O'Dell rarely, if ever, received tips directly from such customers.

57. Defendant demanded, handled, pooled, counted, distributed, accepted and/or retained from O'Dell gratuities voluntarily paid by customers during "open bowling." Upon information and belief, Defendant distributed a portion of these gratuities to employees who are not entitled to tips under the NYLL.

58. Upon information and belief, Defendant did not keep accurate records with respect to O'Dell.

### Francisco Diaz

59. Defendant withheld from F. Diaz mandatory "service charges" or gratuities collected from banquet and catering customers, where Defendant had led the customers to reasonably believe that the gratuities were intended for F. Diaz and other food service workers, and where F. Diaz rarely, if ever, received tips directly from such customers.

60. Defendant demanded, handled, pooled, counted, distributed, accepted and/or retained from F. Diaz gratuities voluntarily paid by customers during "open bowling." Upon information and belief, Defendant distributed a portion of these gratuities to employees who are not entitled to tips under the NYLL.

61. Upon information and belief, Defendant did not keep accurate records with respect to F. Diaz.

### Anabel Diaz

62. Defendant withheld from A. Diaz mandatory "service charges" or gratuities collected from banquet and catering customers, where Defendant had led the customers to reasonably believe that the gratuities were intended for A. Diaz and other food service workers, and where A. Diaz rarely, if ever, received tips directly from such customers.

63. Defendant demanded, handled, pooled, counted, distributed, accepted and/or retained from A. Diaz gratuities voluntarily paid by customers during "open bowling." Upon information and belief, Defendant distributed a portion of these gratuities to employees who are not entitled to tips under the NYLL.

64. Upon information and belief, Defendant did not keep accurate records with respect to A. Diaz.

### Alicia Perez

65. Defendant withheld from Perez mandatory "service charges" or gratuities collected from banquet and catering customers, where Defendant had led the customers to reasonably believe that the gratuities were intended for Perez and other food service workers, and where Perez rarely, if ever, received tips directly from such customers.

66. Defendant demanded, handled, pooled, counted, distributed, accepted and/or retained from Perez gratuities voluntarily paid by customers during "open bowling." Upon information and belief, Defendant distributed a portion of these gratuities to employees who are not entitled to tips under the NYLL.

67. Upon information and belief, Defendant did not keep accurate records with respect to Perez.

## CAUSE OF ACTION

### New York Labor Law Article 6 – Unlawful Tip Retention
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

68. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

69. At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

70. At all times relevant, Defendant has been an employer within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

71. At all times relevant, AMF has been an employer, agent, and/or an officer within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

72. The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiffs and the members of the Rule 23 Class.

73. Defendant misappropriated tips from Plaintiffs and the Class Members and used some of the tips to supplement the compensation of employees who are not entitled to tips under the NYLL.

74. By Defendant's knowing or intentional demand for, acceptance of and/or retention of the gratuities and/or service charges paid by customers when entering into a service contract with AMF when such customers had a reasonable expectation that such gratuities would be paid to Plaintiffs and the members of the Rule 23 Class, Defendant has willfully violated NYLL Article 6, § 196-d.

75. Defendant also violated NYLL Article 6, § 196-d by unlawfully demanding, collecting, receiving, retaining, pooling, handling, counting, and holding gratuities paid by customers during "open bowling," and distributing of a portion of such gratuities to employees not entitled to tips under the NYLL.

76. Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, collectively and on behalf of all other similarly situated persons, pray for the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure;

  B.  Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

  C.  Issuance of a declaratory judgment that the practices complained of in this First Amended Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.*, and any supporting New York State Department of Labor regulations;

  D.  Unpaid mandatory gratuities and/or service charges paid to AMF by its banquet and catering customers pursuant to NYLL Article 6, §§ 190 *et seq.*, and any supporting New York State Department of Labor regulations. (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

  E.  Misappropriated gratuities paid by customers during "open bowling" pursuant to NYLL Article 6, §§ 190 *et seq.*, and any supporting New York State Department of Labor regulations. (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

  F.  Compensatory damages, including compensation for the lost time value of the gratuities that AMF demanded, collected, received, retained, pooled, handled, counted, and/or held;

  G.  Pre-judgment interest and post-judgment interest;

  H.  An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

  I.  Reasonable attorneys' fees and costs of the action; and

  J.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this First Amended Class Action Complaint.

Dated:     New York, New York
           March 4, 2009

Respectfully submitted,

OUTTEN & GOLDEN LLP
By:

_____
Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212)300-0375

**Attorneys for Plaintiffs and the Putative Class**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT O'DELL, FRANCISCO DIAZ, ANABEL DIAZ, and ALICIA PEREZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AMF BOWLING CENTERS, INC.,<br><br>Defendant. | AFFIDAVIT OF SERVICE<br><br>09 CV 759 (DLC) |

I, Melissa Francisco, state the following:

I am not a party to this action, am over the age of eighteen years and my business address is 3 Park Avenue, 29th Floor, New York New York 10016.

On March 4, 2009, I served by e-mail and U.S. mail a true and correct copy of "First Amended Class Action Complaint" upon counsel for Defendants at the below designated address:

    Peter T. Shapiro, Esq.
    Sabrina M. Tann, Esq.
    Ivan D. Smith, Esq.
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    Attorneys for Defendant
    199 Water Street
    25th Floor
    New York, NY 10038
    Email: pshapiro@lbbslaw.com

_____
Melissa Francisco

Sworn to before me this
____ Day of March 2009

_____
Notary Public

CARA GREENE
Notary Public, State of New York
Queens County, REG #01GR6100121
My Commission Expires October 14, 20__