IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT O'DELL, FRANCISCO DIAZ, ANABEL DIAZ, and ALICIA PEREZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AMF BOWLING CENTERS, INC.,<br><br>Defendant. | 09 CV 759 (DLC) |

**DECLARATION OF JUSTIN M. SWARTZ
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND CLASS
ACTION SETTLEMENT PROCEDURE**

I, Justin M. Swartz, declare as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiffs' counsel herein, and co-chair of its Class Action Practice Group. O&G is a 25+ attorney firm based in New York City that represents plaintiffs in a wide variety of employment matters, including individual and class action litigation, involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims on behalf of the proposed class against Defendant.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**My Background and Experience**

4.      I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors.  Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.  I was admitted to the bar of the State of Illinois in 1998 and the bar of the State of New York in 2002.  I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Northern, Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois.  I am a member in good standing of each of these bars.

5.      From September 1998 through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois where I represented plaintiffs in class and multi-plaintiff employment discrimination cases.  From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City where I represented employees in discrimination cases and other employee rights matters.

6.      Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

7.      I am co-lead counsel on several wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04-CV-3346, 2007 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 29, 2006), in which the Honorable Paul A. Crotty granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers.  2008 U.S. Dist. LEXIS 66066 (S.D.N.Y. Aug. 28, 2008). Others cases include *Reyes v. Buddha-Bar NYC*, 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at **5-8 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at **10-12 (S.D.N.Y. March 31, 2009); *Damassia v. Duane Reade, Inc.*, 04 Civ. 8819, 06 Civ. 2295, 250 F.R.D. 152, 165 (S.D.N.Y. 2008); *Stefaniak*

2

*v. HSBC Bank USA, N.A.*, No. 1:05-CV-720 S, 2008 U.S. Dist. LEXIS 53872, at \*\*6, 8 (W.D.N.Y. June 28, 2008); *Diaz v. Scores Holding Co.*, 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248 (S.D.N.Y. May 9, 2008); *Gilliam v. Addicts Rehab. Ctr. Fund*, 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at \*\*3-7 (S.D.N.Y. March 24, 2008); and *Hens v. ClientLogic Operating Corp.*, 05-CV-381S, 2006 U.S. Dist. LEXIS 69021 (W.D.N.Y. Sept. 26, 2006).

8.  I served on the Civil Rights Committee of the Association of the Bar of the City of New York from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I am a former co-chair of the American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee and a member of its Equal Employment Opportunity Committee. I am a member of the National Employment Lawyers Association (NELA) and serve on the Executive Board of its New York Chapter. I am co-chair of NELA's Fair Labor Standards Act Committee. I also serve on the Recent Graduate Advisory Group of the New York University Center for Labor and Employment Law.

9.  I speak frequently on employment law issues, including wage and hour issues and discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law; the New York State Bar Association Labor and Employment Law Section; the Association of the Bar of the City of New York Committee on Labor and Employment Law, NELA, and the Practicing Law Institute, among others.

10. Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions. *See, e.g., Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at \*\*10-11; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at \*\*14-16; *Damassia*, 250 F.R.D. at 165 (appointing Outten & Golden as class counsel on the basis of its "experience[] in handling wage and hour class actions and . . . knowledge of the applicable law"); *Stefaniak*, 2008 U.S. Dist. LEXIS 53872, at \*8 (Outten & Golden "are experienced in prosecuting and settling employment-based class and collective actions, including wage and hour matters," "possess the experience and ability to represent effectively the class's interests," and "[have] adequately represented the class in this

action.") (internal brackets and citation omitted); *Gilliam*, 2008 U.S. Dist. LEXIS 23016, at *6 ("[Outten & Golden] ha[s] substantial experience prosecuting class action cases involving wage and hour claims"); *Torres*, 2006 U.S. Dist. LEXIS 74039, at *49 ("[Outten & Golden] is qualified, experienced, and generally able to conduct the [class wage and hour] litigation.") (internal quotation marks omitted); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001) (Outten & Golden is "experienced and well-qualified in the fields of labor law and class litigation and, in particular, wage-and-hour class litigation").

**Thorough Investigation of the Class Claims**

11. On January 27, 2009, Plaintiff Robert O'Dell commenced this action as a putative class action under Fed. R. Civ. P. 23, bringing a claim under the New York Labor Law ("NYLL") for the misappropriation of mandatory gratuities that Defendant charged its event customers. A true and correct copy of the Class Action Complaint is attached hereto as **Exhibit A**.

12. On March 4, 2009, Mr. O'Dell amended his Complaint, adding an additional tip misappropriation claim for tips paid voluntarily by non-event or "Open Bowling" customers. Francisco Diaz, Anabel Diaz, and Alicia Perez also joined the lawsuit as Named Plaintiffs. A true and correct copy of the First Amended Class Action Complaint is attached hereto as **Exhibit B**.

13. We engaged in substantial informal discovery before agreeing to resolve this case. AMF produced documents and data requested by Plaintiffs, including a sampling of event invoices covering the 6-year statute of limitations period, data showing the allocation of tips and mandatory gratuities by position for the entire 6-year period, job descriptions of positions which Plaintiffs claimed were tip ineligible, and memoranda describing AMF's tip policies.

14. The data provided by AMF show that managers, sales representatives,

administrative assistants, chefs, cooks, dishwashers, food expediters, food preparers, mechanics, equipment specialists, counter/desk attendants, stewards, janitors, and party and event coordinators received a portion of the tips and gratuities paid by AMF's customers.

15. The data also show that of the two types of bowling centers that AMF operates – 300 Centers and Traditional Centers – the 300 Centers host corporate functions and other large events much more frequently than the Traditional Centers. Between the two 300 Centers, the 300 Center located at Chelsea Piers generated far more gratuities and tips than the 300 Center located in Melville.

16. In particular, the data show that the 300 Centers generated approximately 95 percent of the mandatory gratuities and tips paid by AMF's customers which Plaintiffs allege were misappropriated to tip ineligible employees. The Chelsea Piers location alone generated approximately 90 percent of the misappropriated tips and gratuities.

17. In addition to electronic and paper discovery, Plaintiffs' counsel obtained factual information from the Named Plaintiffs regarding their job duties and the job duties of AMF's employees whom Plaintiffs alleged were ineligible for tips, as well as and Defendant's policies and procedures for allocating tips.

**Settlement Negotiations**

18. The parties agreed to attempt to resolve this matter through non-binding private mediation with Michael D. Young of JAMS, a well-known employment mediator.

19. The parties participated in a full day of mediation on June 12, 2009. At the conclusion of the mediation, the parties reached agreement on the material terms of the settlement.

20. Over the next 10 weeks, we negotiated the other terms of the settlement, including

5

the timing and allocation of the payments.

21.     The parties signed the Joint Settlement and Release ("Settlement Agreement") on August 27 and 28, 2009.[1]

22.     An executed copy of the Settlement Agreement is attached hereto as **Exhibit C**.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 28th day of August, 2009
New York, New York

/s/ Justin M. Swartz
Justin M. Swartz

**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000

---

[1]     Two of the Named Plaintiffs – Robert O'Dell and Alicia Perez – also have individual discrimination claims against AMF that are unrelated to this lawsuit.  Mr. O'Dell has settled his claims in a separate agreement with AMF.  Ms. Perez has filed a separate individual lawsuit against AMF and is not represented by putative Class Counsel in that matter.